IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FLORENCE GOOD, EXECUTOR OF THE | : | |
| ESTATE OF BARRY D. GOOD, DECEASED, | : | CASE NO: 5:20-CV-05453 |
| AND JESSE FRAZER, | : | |
| INDIVIDUALLY AND ON BEHALF OF A | : | |
| CLASS OF SIMILARLY SITUATED PERSONS | : | CLASS ACTION |
| | : | |
| Plaintiffs, | : | |
| | : | JURY TRIAL DEMANDED |
| vs. | : | |
| | : | |
| TRAVELERS PROPERTY CASUALTY | : | |
| COMPANY OF AMERICA, | : | |
| AND | : | |
| TRAVELERS INDEMNITY COMPANY | : | |
| Defendants. | : | |
| | : | |

## THIRD AMENDED CLASS ACTION COMPLAINT
### Parties

1.      Plaintiff, Florence Good, is an adult individual citizen and resident of the Commonwealth of Pennsylvania, residing at 20 Hess Lane, Longswamp Township, Berks County, Pennsylvania, 19518.

2.      Plaintiff, Florence Good, brings this action in her capacity as Executor of the Estate of Barry D. Good, Deceased, with Letters Testamentary having been granted to her by the Register of Wills of Berks County on May 11, 2012.

3.      Decedent, Barry D. Good, and Plaintiff, Florence Good, were, and remained, husband and wife until his death.

4.      Plaintiff, Jesse Frazer, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing at 142 Mohoghany Drive, Dingmans Ferry, PA  18328.

1

5.     At all times material hereto, Jesse Frazer resided with his father, Kenneth Frazer, at 142 Mohoghany Drive, Dingmans Ferry, Pennsylvania  18328.

6.     Defendant, Travelers Property Casualty Company of America ("Travelers Property"), is a corporation organized and existing in the State of Connecticut, with its principal place of business located at One Tower Square, PB06A, Hartford, Connecticut. Travelers is duly authorized to and regularly and routinely conducts business in the Commonwealth of Pennsylvania.

7.     Defendant, Travelers Indemnity Company ("Travelers Indemnity"),  is a corporation organized and existing under the laws of the State of Connecticut,  being duly authorized to conduct business in the Commonwealth of Pennsylvania with its principal place of business located in Hartford, Connecticut.

8.     The present action seeks Declaratory, Compensatory and Injunctive Relief on behalf of the individual plaintiffs, as well on behalf of a class of similarly situated persons as follows:

(a)     The claim for Declaratory Relief on behalf of the plaintiff, Florence Good, requests that the Court declare on behalf of the individual plaintiff, as well as on behalf of members of the putative subclass, which the plaintiff, Good, seeks to represent that:  (1) their claims for recovery of uninsured and/or underinsured motorist benefits under policies providing stacked coverage by election or by operation or law are not barred by the household regular use exclusion; and (2) they are entitled to maintain a claim for recovery of uninsured and/or underinsured motorist benefits under policies issued by the Defendants, Travelers Property and Travelers Indemnity;

(b)     The claim for declaratory relief on behalf of the plaintiff, Frazer, requests that the Court declare, on behalf of the individual plaintiff, as well as on behalf of the members of the putative subclass which the plaintiff, Frazer, seeks to represent, that: (1) their claims for recovery of uninsured and/or underinsured motorist benefits are not barred by the regular use exclusion; and (2) they are entitled to maintain a claim for recovery of uninsured and/or underinsured motorist benefits under policies issued by the Defendant, Travelers Property and Travelers Indemnity;

(c)     The claims for compensatory relief request that the Court award the individual plaintiff, as well as the members of each subclass, uninsured and/or underinsured motorist benefits under the applicable policies of insurance; and

(d)     The claim for Injunctive Relief seeks to enjoin the Defendants, Travelers Property and Travelers Indemnity, from continuing to assert the household and/or regular use exclusions as defenses to uninsured and/or underinsured motorist claims.

9.     The claims for Declaratory Relief, Compensatory Relief and Injunctive Relief are viable and valid.

## Jurisdiction and Venue

10.     Plaintiffs, Florence Good and Jesse Frazer, are citizens and residents of Pennsylvania and domiciled in the Commonwealth of Pennsylvania at the above noted addresses.

11.     Defendants, Travelers Property and Travelers Indemnity, are incorporated in Connecticut with their principal places of business in Connecticut; therefore, they are considered a resident of Connecticut.

12.     This Court has jurisdiction over this action because: (a) the parties are citizens of diverse jurisdictions; (b) the amount in controversy, exclusive of interest and costs, exceeds $75,000.00; and (c) there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest and costs.

13.     Defendants, Travelers Property and Travelers Indemnity,  transact business in the Commonwealth of Pennsylvania and derive substantial income from the sale of insurance in Pennsylvania.

14.     Venue lies in the Eastern District of Pennsylvania under 28 U.S.C. § 1391.

**Florence Good Claim**
**(Collison)**

15.     On April 4, 2012, Decedent, Barry Good, was operating his 2009 Kawasaki Volcan Motorcycle eastbound on Kutztown Road, Upper Hanover Township, Montgomery County, Pennsylvania.

16.     At the same time, Francis Lynch was operating a 2002 Ford F250 Truck traveling westbound on Kutztown Road.

17.     Francis Lynch was driving the truck under the influence of intoxicating beverages.

18.     At around 10:56 p.m. on April 4, 2012, Francis Lynch abruptly made a left turn into the eastbound, oncoming lane for travel of Kutztown Road, turning his vehicle directly into the path of Barry Good's motorcycle, resulting in a violent collision.

19.     As a result of the collision, Plaintiff's Decedent died of blunt force trauma.

20.     Following the crash, the police arrived on the scene and arrested Francis Lynch for suspected DUI and related crimes.

21.     Francis Lynch had blood drawn on 12:37 a.m. on April 5, 2012 which was subjected to chemical testing, and confirmed a blood alcohol content of .136%.

22.     The death of Plaintiff Florence Good's Decedent, Barry Good, was caused by the negligence and carelessness of Francis Lynch.

**Florence Good Claim**
**(Insurance Coverage)**

23.     At all times material hereto, there existed, in full force and effect, a Motorcycle Policy issued by the Progressive Insurance Company ("Progressive") to the decedent, Barry Good, providing coverage for his 2009 Kawasaki Volcan Motorcycle ("Progressive Policy") providing

coverage in accordance with the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 et seq. ("MVFRL").

24.     The Progressive Policy provided, *inter alia*, underinsured motorist coverage of $100,000.00.

25.     At all times material hereto, there existed, in full force and effect, an Automobile Policy ("Good Travelers Property Policy") issued by Defendant, Travelers Property, to Barry Good and Florence Good, providing coverage in accordance with the MVFRL.  A true and correct copy of the Declarations Pages of the Good Travelers Property Policy is attached hereto and marked Exhibit "A".

26.     The Good Travelers Property Policy provided, on its face, *inter alia*, $100,000.00 in unstacked underinsured motorist coverage for two vehicles.  See Exhibit "A".

27.     By operation of law, the Good Travelers Property Policy is required to provide inter-policy stacking of underinsured motorist coverage.  See <u>Craley v. State Farm</u>, 895 A.2d 530 (Pa. 2006);  <u>Donovan v. State Farm</u>, 256 A.3d 1145 (Pa. 2021).

**<u>Florence Good Claim</u>**
**(<u>Tort Claim</u>)**

28.     At the time of the April 4, 2012 collision, there existed in full force and effect a Personal Automobile Policy issued by Safe Auto Insurance to Francis Lynch providing coverage in accordance with the requirements of the MVFRL.

29.     The Personal Auto Policy issued Safe Auto Insurance to Francis Lynch provided, *inter alia,* $15,000.00 in liability coverage.

30.     Following the motor vehicle accident, Plaintiff, Florence Good, made claim upon Francis Lynch and Safe Auto seeking recovery of Wrongful Death and Survival Act damages.

31.     Following receipt of the claim for recovery of Wrongful Death and Survival Act damages, Safe Auto Insurance tendered the $15,000.00 liability limit of the policy issued to Francis Lynch.

32.     The Wrongful Death and Survival Act claims of Plaintiff, Florence Good, against Francis Lynch settled for the $15,000.00 liability limit of coverage.

33.     Defendant, Travelers Property, consented to the settlement of the tort claim.

34.     The $15,000.00 limit of liability coverage under the Safe Auto Insurance Policy is insufficient to compensate Plaintiff, Florence Good, for the damages arising from the death of Plaintiff's Decedent, Barry Good.

35.     Francis Lynch is an underinsured motorist as defined by the Good Travelers Property Policy and the MVFRL.

**Florence Good Claim**
**(Underinsured Motorist Claim Against Progressive)**

36.     Following the April 4, 2012 motor vehicle crash, Plaintiff, Florence Good, made claim upon Progressive for recovery of underinsured motorist benefits under the Progressive Policy insuring the 2009 Kawasaki Volcan Motorcycle.

37.     Following receipt of the claim for recovery of underinsured motorist benefits, Progressive insurance tendered the $100,000.00 limit of underinsured motorist coverage under the Progressive Policy.

38.     The limits of liability coverage of the policy issued by Safe Auto Insurance to Francis Lynch and the limits of primary underinsured motorist coverage of the Progressive Policy are insufficient to compensate Plaintiff, Florence Good, for the damages arising from the death of Decedent, Barry Good, in the April 4, 2012 motor vehicle crash.

6

**Florence Good Claim**
**(Underinsured Motorist Claim Against Travelers Property)**

39.     Following the April 4, 2012 motor vehicle crash, Plaintiff, Florence Good, made claim upon Defendant, Travelers Property, seeking recovery of underinsured motorist benefits under the Travelers Policy.

40.     By letter dated February 19, 2019, counsel for Plaintiff, Florence Good, wrote to Defendant, Travelers Property, making claim for recovery of underinsured motorist benefits under the Good Travelers Property Policy.  A true and correct copy of the February 19, 2019 letter is attached as Exhibit **"B"**.

41.     Defendant, Travelers Property, denied the claim for underinsured motorist benefits on the basis of the household exclusion in the Good Travelers Property Policy.

42.     The household exclusion in the Good Travelers Property Policy is void and unenforceable.

43.     The denial and disclaimer of coverage by Travelers Property under the Good Travelers Property Policy is invalid.

44.     Plaintiff, Florence Good, is entitled to underinsured motorist benefits under the Good Travelers Property Policy.

**Jesse Frazer Claim**
**(Collision)**

45.     On August 27, 2018, the Plaintiff, Jesse Frazer, was operating his 2000 Honda Civic in a southbound direction on Route 739 in Dingman Township, Pike County, Pennsylvania when he was involved in a collision with vehicles operated by Patrick Falvey and William Poltersdorf.

46.     The Plaintiff, Jesse Frazer, sustained serious and permanent injuries in the accident.

47.     The injuries and damages sustained by the Plaintiff, Jesse Frazer, in the August 27, 2018 motor vehicle accident were caused by the negligence and carelessness of Patrick Falvey.

## Jesse Frazer
## (Insurance Coverage)

48.     At all times material hereto, there existed in full force and effect a Personal Auto Policy issued by the Progressive Insurance Company ("Progressive") to Jesse Frazer providing coverage for the vehicle he was operating at the time of the accident providing coverage in accordance with the MVFRL.

49.     The Personal Auto Policy issued by the Progressive Auto Policy provided, *inter alia*, $50,000.00 in underinsured motorist benefits.

50.     At all times material hereto, there existed in full force and effect a Personal Auto Policy issued by the Defendant, Travelers Indemnity, to Kenneth Frazer providing coverage in accordance with the requirements of the MVFRL ("Frazer Travelers Indemnity Policy").   A true and correct copy of the Declarations Pages of the Frazer Travelers Indemnity Policy is attached hereto and marked Exhibit "C".

51.     The Auto Policy issued by the Defendant, Frazer Travelers Indemnity Policy, to Kenneth Frazer provided, *inter alia*, $15,000.00/$30,000.00 in unstacked underinsured motorist benefits for two vehicles.

52.     By operation of law, the Frazer Travelers Indemnity Policy is required to provide inter-policy stacking of underinsured motorist coverage.  See Craley v. State Farm, 895 A.2d 530 (Pa. 2006);  Donovan v. State Farm, 256 A.3d 1145 (Pa. 2021).

53.     Kenneth Frazer is the father of the Plaintiff, Jesse Frazer.

54.     At all times material hereto, the Plaintiff, Jesse Frazer, resided in the same household of his father, Kenneth Frazer.

**Jesse Frazer**
**(Tort Claim)**

55.     At all times material hereto, there existed in full force and effect a policy of insurance issued by Nationwide to Patrick Falvey providing coverage in accordance with the requirements of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 et seq. ("MVFRL").

56.     The Personal Auto Policy issued by Nationwide to Patrick Falvey provided, *inter alia,* $100,000.00/$300,000.00 in liability coverage.

57.     Following the August 27, 2018 motor vehicle accident, the Plaintiff, Jesse Frazer, made claim upon Patrick Falvey and Nationwide seeking recovery of damages in tort.

58.     Following receipt of the claim for recovery of damages in tort, Nationwide tendered and paid to the Plaintiff, Jesse Frazer, the $50,000.00 limit of liability coverage.

59.     The Defendant, Travelers Indemnity, consented to the settlement of the tort claims.

60.     The liability limits of coverage under the Auto Policy issued by  Nationwide to Patrick Falvey were insufficient to compensate the Plaintiff, Jesse Frazer, for the injuries and losses sustained in the August 27, 2018 motor vehicle accident.

**Jesse Frazer**
**(Underinsured Motorist Claim Against Progressive)**

61.     Following the August 27, 2018 motor vehicle accident, the Plaintiff, Jesse Frazer, made claim upon Progressive seeking recovery of underinsured motorist benefits under the Progressive Policy.

62.     Following receipt of the claim for recovery of underinsured motorist benefits, Progressive tendered and paid to the Plaintiff, Jesse Frazer, the $50,000.00 limit of underinsured motorist coverage under the Progressive Policy.

63.     The limits of liability coverage of the Policy issued by Nationwide and the limits of primary underinsured motorist coverage under the Progressive Policy are insufficient to compensate the Plaintiff, Jesse Frazer, for the serious and permanent injuries sustained in the August 27, 2018 motor vehicle accident.

**Jesse Frazer**
**(Underinsured Motorist Claim Against Travelers Indemnity)**

64.     Following the August 27, 2018, motor vehicle accident, the Plaintiff, Jesse Frazer, made claim upon the Defendant, Travelers Indemnity, seeking recovery of underinsured motorist benefits under the Frazer Travelers Indemnity Policy.

65.     Following receipt of the claim for recovery of underinsured motorist benefits under the Frazer Travelers Indemnity Policy, the Defendant, Travelers Indemnity, by letter dated May 14, 2020, denied and disclaimed the claim on the basis of a household regular use exclusion in that Policy. A true and correct copy of the May 14, 2020 letter is attached hereto as Exhibit "D".

66.     The May 14, 2020 letter from Rick Law of the Defendant, Travelers Indemnity, stated, in pertinent part:

> Unfortunately, the Travelers Personal Auto Policy excludes coverage while occupying a vehicle that is owned or available for one's regular use, which is not insured for this coverage under this policy.  Since the vehicle Jesse Frazer was driving at the time of the accident was owed [sic] by him and not listed on the Travelers Policy, coverage for underinsured motorists' benefits must be denied .

See Exhibit "D".

67.     The household regular use exclusion in the Frazer Travelers Indemnity Policy is void and unenforceable.

68.     The denial and disclaimer of coverage by Travelers Indemnity is invalid.

69.     Plaintiff, Jesse Frazer, is entitled to recover underinsured motorist benefits under the Frazer Travelers Indemnity Policy.

### Stacking of Underinsured Motorist Benefits

70.     Under the MVFRL, uninsured and underinsured motorist coverages are to be stacked unless stacking is specifically rejected by the named insured in accordance with the requirements of the Statute.

71.     Section 1738 of the MVFRL provides, in pertinent part:

   (a) Limit for each vehicle.- When more than one vehicle is insured under one or more policies providing uninsured or underinsured motorist coverage, the stated limits for uninsured or underinsured coverage shall apply separately to each vehicle so insured. The limits of coverage available under this subchapter for an insured shall be the sum of the limits for each motor vehicle as to which the injured person is an insured.


   (b) Waiver.- Notwithstanding the provisions of subsection (a), a named insured may waive coverage providing stacking or uninsured or underinsured coverage in which case the limits of coverage available under the policy for an insured shall be the stated limits for the motor vehicle as to which the injured person is an insured.

   (c) More than one vehicle.- Each named insured purchasing uninsured or underinsured motorist coverage for more than one vehicle under a policy shall be provided the opportunity to waive the stacked limits of coverage and instead purchase as described coverage as described in subsection (b). The premiums for an insured who exercise such waiver shall be reduced to reflect the different cost of such coverage.

75 Pa.C.S.A. §§ 1738(a)(b) and (c).

72.     Stacking of uninsured and underinsured motorist coverages includes both intra-policy stacking and inter-policy stacking.

73.     Intra-policy stacking is the cumulation of multiple coverages under one policy; inter-policy stacking is the cumulation of multiple coverages under multiple policies in a household.

74.     Stacking of uninsured and underinsured motorist coverages under the MVFRL may be waived.  Craley v. State Farm, 895 A.2d 530 (Pa. 2006).

75.     Section 1738 of the MVFRL provides:

(d) Forms.-

(1) The named insured shall be informed that he may exercise the waiver of the stacked limits of uninsured motorist coverage by signing the following written rejection from:

UNINSURED COVERAGE LIMITS

By signing this waiver, I am rejecting stacked limits of uninsured motorist coverage under the policy for myself and members of my household under which the limits of coverage  available would be the sum of limits for each motor vehicle insured under the policy. Instead, the limits of coverage that I am purchasing shall be reduces to the limits stated in the policy. I knowingly and voluntarily reject the staked limits of coverage . I understand that my premium will be reduced if I reject this coverage.

_____
Signature of First Named Insured


_____
Date

(2) The named insured shall be informed that he may exercise the waiver of the stacked limits on underinsured motorist coverage by signing the following written rejection form:

UNDERINSURED COVERAGE LIMITS

By signing this waiver, I am rejecting stacked limits of underinsured motorist coverage under the policy for myself and members of my household under which the limits of coverage available would be the sum of limits for each motor vehicle insured under the policy. Instead , the limits of coverage that I am purchasing shall be reduced to the limits stated in the policy.  I knowingly and voluntarily reject that stacked limits of coverage.  I understand that my premium will be reduced if I reject this coverage .

_____
Signature of First Named Insured

_____
Date

   (e) Signature and date.- The forms described in subsection(d) must be signed by the first named insured and dated to be valid. Any rejection form that does not comply with this section is void.


75 Pa.C.S.A. §§ 1738(d),(e).

   76.     The Rejection of Stacked Underinsured Coverage Limits used by Defendants,

Travelers Property and Travelers Indemnity, provides, in pertinent part:

### REJECTION OF STACKED UNDERINSURED COVERAGE LIMITS

     By signing this waiver, I am rejecting stacked limits of Underinsured Motorist Coverage under the policy for myself and members of my household under which the limits of coverage available would be the sum of limits for each motor vehicle insured under the policy. Instead , the limits of coverage that I am purchasing shall be reduced to the limits stated in the policy.  I knowingly and voluntarily reject that stacked limits of coverage.  I understand that my premiums will be reduced if I reject this coverage .

_____
Signature of First Named Insured

_____
Date

See Exhibit "C".

   77.     The waiver of stacked underinsured motorist coverage used by Defendants,

Travelers Property and Travelers Indemnity **does not** waive inter-policy stacking.   See, <u>Craley v. State Farm</u>, 895 A.2d 530 (Pa. 2006); <u>Donovan v. State Farm</u>, 256 A.3d 1145 (Pa. 2021).

   78.     At the time of the August 27, 2018 motor vehicle accident, the Good Travelers

Property and the Frazer Travelers Indemnity Policies provided inter-policy stacking of

underinsured motorist benefits.

79.     The existence of inter-policy stacking of underinsured motorist coverage is the factual predicate for the abrogation of the household regular use exclusion by the Supreme Court of Pennsylvania in <u>Gallagher v. GEICO</u>, 201 A.3d 121 (Pa. 2019).

80.     The Defendants, Travelers Property and Travelers Indemnity, have disclaimed coverage on the basis of a household exclusions.

81.     The household exclusion upon which the Defendants, Travelers Property and Travelers Indemnity, rely in denying the claims of Plaintiff, Florence Good, is violative of the MVFRL.

82.     The household exclusion upon which the Defendants, Travelers Property and Travelers Indemnity, rely in denying the claims of Plaintiff, Florence Good, is void and unenforceable.

83.     Defendants, Travelers Property and Travelers Indemnity, are required to provide underinsured motorist benefits to Plaintiff, Florence Good, for injuries sustained in the accident in question.

<u>**Mandate of Coverage**</u>

84.     Under the MVFRL, uninsured and underinsured motorist coverages are to be offered for every automobile policy delivered or issued for delivery in the Commonwealth; purchase of uninsured and underinsured motorist coverages is optional.

85.     Section 1731 of the MVFLR provides, in pertinent part:

**(a) Mandatory offerings**.- No motor vehicle liability insurance policy shall be delivered or issued for delivery in this Commonwealth, with respect to any motor vehicle registered or principally garaged in this Commonwealth, unless uninsured motorist and under insured motorist coverages are offered therein or supplemental thereto in amounts as provided in section 1734  (relating to request for lower limits or coverage). Purchase of uninsured motorist and under insured motorist coverage is optional.

75 Pa.C.S.A. § 1731(a).

86,     The regular use exclusion relied upon by the Defendants, Travelers Property and Travelers Indemnity, is violative of the coverage mandate of § 1731 of the MVFRL.

87.     Uninsured and underinsured motorist coverages may be rejected provided any such rejection conforms with the requirements of § 1731 of the MVFRL.  75 Pa.C.S.A. § 1731.

88.     Under the MVFRL, uninsured and underinsured motorist coverages may only be rejected pursuant to the use of forms required by §§ 1731(b) and  1731(c) of the Act.

89.     The failure to provide a rejection of uninsured or underinsured motorist coverage which conforms with the requirements § 1731(b) and § 1731(c) of the MVFRL requires uninsured and/or underinsured motorist coverages to be provided in amounts equal to the liability coverage of the policy.  75 Pa.C.S.A. § 1731(c.1).

90.     The Defendants, Travelers Property and Travelers Indemnity, have provided no signed and dated form which permits the rejection of uninsured and/or underinsured motorist coverages which permits the use of the regular use exclusion in the face of the § 1731 coverage mandate.

91.     The Defendants, Travelers Property and Travelers Indemnity, however, have disclaimed coverage on the basis of regular use exclusions.

92.     The regular use exclusion upon which the Defendants, Travelers Property and Travelers Indemnity, rely, in denying the claims of the Plaintiff, Jesse Frazer, is violative of the MVFRL and ignores the mandate of coverage of § 1731.  75 Pa.C.S.A. § 1731.

93.     The regular use exclusion upon which the Defendants, Travelers Property and Travelers Indemnity, rely, in denying the claims of the Plaintiff, Jesse Frazer, is void and unenforceable.

94.     Defendants, Travelers Property and Travelers Indemnity, are required to provide underinsured motorist benefits to the Plaintiff, Jesse Frazer, for injuries sustained in the accident in question.

### Disclaimer of Coverage – Household Exclusion

95.     The denial and disclaimer of underinsured motorist coverage by the Defendants, Travelers Property and Travelers Indemnity, was based upon the household exclusion contained in the policies under which claim was made.

96.     The household exclusion contained in the Travelers Property and Travelers Indemnity Policies in question provides that uninsured and underinsured motorist coverages are not available to an insured for injuries sustained while occupying or when struck by any motor vehicle owned by the named insured or any resident relative which is not insured for coverage under the policy under which benefits are sought.

97.     The Defendants, Travelers Property and Travelers Indemnity, have disclaimed coverage on the basis of the household exclusion.

98.     The household exclusion upon which the Defendants, Travelers Property and Travelers Indemnity, rely has been found by the Supreme Court of Pennsylvania to be void and unenforceable.

99.     The household exclusion upon which the Defendants, Travelers Property and Travelers Indemnity, rely is void and unenforceable as violative of the MVFRL.

100.    The Good Travelers Property Policy and the Frazer Travelers Indemnity Policy are required by election or by operation of law to provide stacked inter-policy stacking of uninsured and/or underinsured motorist benefits.

101.    The Good Travelers Property Policy and the Frazer Travelers Indemnity Policy are required to provide inter-policy stacking of  underinsured coverage by election or by operation of law.  See Craley v. State Farm, 895 A.2d 530 (Pa. 2006); Donovan v. State Farm, 256 A.3d 1145 (Pa. 2021).

102.    In Gallagher v. GEICO, 201 A.3d 121 (Pa. 2019), the Supreme Court of Pennsylvania declared exclusions which eliminate coverage for injuries arising from household vehicles which are not insured under a Policy from which coverage is sought are void and unenforceable as a hidden and *de facto* waiver of inter-policy stacking under the MVFRL and the protections afforded by that statute.

103.    The disclaimers of coverage by the Defendants, Travelers Property and Travelers Indemnity, on the bases of the household and regular use exclusions are illegal.

104.    Plaintiffs, Florence Good and Jesse Frazer, are entitled to declaratory relief, compensatory relief and injunctive relief against Defendants, Travelers Property and Travelers Indemnity.

### **Disclaimer of Coverage – Regular Use Exclusion**

105.    The denial and disclaimer of underinsured motorist coverage by the Defendants, Travelers Property and Travelers Indemnity, was based upon the regular use exclusion contained in the policies under which claim was made.

106.    The regular use exclusion contained in the Travelers Property and Travelers Indemnity Policies in question provides:

> We do not provide uninsured motorist coverage or underinsured motorist coverage for "bodily injury" sustained by you or "resident relative" while "occupying" or when struck by any motor vehicle that you or any "resident relative" owns; or that is furnished or available for your or any "resident relative's" regular use, which is not insured for this coverage under this policy.  This includes a trailer of any type used with that vehicle.

17

107.    The Defendants, Travelers Property and Travelers Indemnity, have disclaimed coverage on the basis of the regular use exclusion.

108.    The regular use exclusion relied upon by the Defendants, Travelers Property and Travelers Indemnity, in denying uninsured and underinsured motorist claims has been found by the Superior Court of Pennsylvania to be void and unenforceable.  See Rush v. Erie Insurance Exchange, 2021 Pa. Super. 215, 2021 WL 4929434 (Pa. Super. 2021).

109.    The regular use exclusion relied upon by the Defendants, Travelers Property and Travelers Indemnity, violates the statutory mandate for the provision of coverage set forth in § 1731 of the MVFRL.

110.    The regular use exclusion relied upon by the Defendants, Travelers Property and Travelers Indemnity, is void and unenforceable as violative of the MVFRL.

## Class Action Allegations

111.    Plaintiffs, Florence Good and Jesse Frazer, bring this action individually, and as a class action on behalf of two separate subclasses of similarly situated persons, namely: (1) those persons whose claims were denied by reason of the household exclusion (Good Subclass); and (2) those persons whose claims were denied by reason of the regular use exclusion (Frazer Subclass).

112.    Defendants, Travelers Property and Travelers Indemnity, have systematically and wrongfully denied uninsured and underinsured motorist coverages under Personal Auto Policies on the bases of the household and regular use exclusions.

113.    Plaintiffs, Florence Good and Jesse Frazer, seek to represent two subclasses of persons who are insureds under policies issued by Defendants, Travelers Property and Travelers Indemnity, who were injured in motor vehicle accidents as a result of the negligence of an uninsured or an underinsured motorist but who were denied uninsured and/or underinsured

motorist claims by reason of: (a) the household exclusion (Good Subclass); and/or (b) the regular use exclusion (Frazer Subclass), where the denial or disclaimer occurred within four years of the institution of this lawsuit.

114.    Plaintiff, Florence Good, seeks to represent a subclass of persons: (a) who sustained injury in a motor vehicle accident while occupying or operating a household vehicle; (b) who were the named insured or the insured under a Policy issued by Travelers Property and/or Travelers Indemnity providing uninsured and/or underinsured motorist coverage in accordance with the MVFRL; (c) who made claim under a policy issued by Travelers Property and/or Travelers Indemnity for recovery of uninsured and/or underinsured motorist benefits; and (d) whose claim for recovery of uninsured and/or underinsured motorist benefits was denied by reason of the household regular use exclusion in the policy issued by Travelers Property and/or Travelers Indemnity.

115.    Plaintiff, Jesse Frazer, seeks to represent a subclass of persons: (a) who sustained injury in a motor vehicle accident while operating a vehicle made available for his/her regular use; (b) who were the named insured or the insured under a policy issued by Travelers Property and/or Travelers Indemnity providing uninsured and/or underinsured motorist coverage in a accordance with the MVFRL; (c) who made a claim under a policy issued by Travelers Property and/or Travelers Indemnity for recovery of uninsured and/or underinsured motorist benefits; and (d) whose claim for recovery of uninsured and/or underinsured motorist benefits was denied by reason of the regular use exclusion in the policy issued by Travelers Property and/or Travelers Indemnity.

116.    Plaintiffs, Florence Good and Jesse Frazer, reserve the right to amend the definitions and/or identify additional subclasses upon completion of class certification.

117.    The putative subclasses are limited to residents of the Commonwealth of Pennsylvania in numbers sufficient to allow class certification.

118.    The members of the subclasses are so numerous that joinder of them is impracticable.

119.    Identification of the members of the subclasses can be ascertained in and through discovery of the files and/or computer data base of the Defendants, Travelers Property and Travelers Indemnity.

120.    A class action is the only practicable means available for the members of the subclasses to pursue the appropriate remedies and receive the necessary underinsured motorist benefits under the policies of insurance in question.

121.    The questions of law and fact are common to the members of the subclasses which the Plaintiffs, Florence Good and Jesse Frazer, seek to represent.

122.    The questions of law and fact common to the members of the subclasses predominate over questions that may affect only individual members.

123.    The common questions of law and fact with respect the Good subclass which control this litigation predominate over any individual issues include, but are not limited to:

(a)    Each member of the class suffered injury as a result of the negligence of an uninsured and/or underinsured motorist while operating a household vehicle which was not insured under a policy issued by Travelers Property and Travelers Indemnity to a member of the household;

(b)    Each member of the class is eligible as a named insured or an insured to recover uninsured and/or underinsured motorist benefits under a household policy of insurance issued by Travelers Property and Travelers Indemnity;

(c)    Each household policy provided inter-policy stacking of uninsured and/or underinsured motorist benefits by election or by operation of law as per Gallagher v. GEICO, 201 A.3d 121 (Pa. 2019) and/or Donovan v. State Farm, 256 A.3d 1145 (Pa. 2021);

(d)     Each claim for recovery of uninsured or underinsured motorist benefits was denied by reason of the household exclusion in the Travelers Property and Travelers Indemnity Policies for the use of a household vehicle not insured under the Travelers Property and Travelers Indemnity Policies;

(e)     The denial and disclaimer of uninsured and/or underinsured motorist coverage by reason of the household exclusion is illegal and violative of the terms and provisions of the MVFRL as per Gallagher v. GEICO, 201 A.3d 121 (Pa. 2019) and/or Donovan v. State Farm, 256 A.3d 1145 (Pa. 2021);

(f)     Each member of the class is entitled to a declaration that his or her claim is not barred by the household exclusion and that he or she is entitled to maintain a claim for uninsured and/or underinsured motorist benefits under the policy of insurance issued by Travelers Property and Travelers Indemnity, under which claim has been made;

(g)     Each member of the class is entitled to compensatory uninsured and/or underinsured motorist benefits under the household policy of insurance issued by Travelers Property and Travelers Indemnity, under which claim has been made; and

(h)     Each member of the class is entitled to the injunctive relief sought on behalf of the class.

124.    The common questions of law and fact with respect to the Frazer subclass which control this litigation predominate over any individual issues include, but are not limited to:

(a)     While operating a vehicle made available for his/her regular use which was not insured under a policy issued by Travelers Property and Travelers Indemnity Policies;

(b)     Each member of the class is eligible as a named insured or an insured to recover uninsured and/or underinsured motorist benefits under a household policy of insurance issued by Travelers Property and Travelers Indemnity;

(c)     Each household policy provided inter-policy stacking of uninsured and/or underinsured motorist benefits by election or by operation of law as per Gallagher v. GEICO, 201 A.3d 121 (Pa. 2019) and/or Donovan v. State Farm, 256 A.3d 1145 (Pa. 2021);

(d)     Each claim for recovery of uninsured or underinsured motorist benefits was denied by reason of a regular use exclusion in the Travelers Property and Travelers Indemnity Policies for the use of a vehicle made available for his/her regular use not insured under the Travelers Property and Travelers Indemnity Policies;

21

(e)     The denial and disclaimer of uninsured and/or underinsured motorist coverage by reason of the regular use exclusion is illegal and violative of the terms and provisions of the MVFRL as per <u>Rush v. Erie Insurance Exchange</u>, 2021 Pa. Super. 215, 2021 WL 4929434 (Pa. Super. 2021);

(f)     Each member of the class is entitled to a declaration that his or her claim is not barred by the regular use exclusion and that he or she is entitled to maintain a claim for uninsured and/or underinsured motorist benefits under the policy of insurance issued by Travelers Property and Travelers Indemnity, under which claim has been made;

(g)     Each member of the class is entitled to compensatory uninsured and/or underinsured motorist benefits under a policy of insurance issued by Travelers Property and Travelers Indemnity, under which claim has been made; and

(h)     Each member of the class is entitled to the injunctive relief sought on behalf of the

125.     Plaintiffs, Florence Good and Jesse Frazer, are members of the subclass that they seek to represent.

126.     The claim of Plaintiffs, Florence Good and Jesse Frazer, are typical of the claim of other members of the subclass which they purport to represent.

127.     Plaintiffs, Florence Good and Jesse Frazer, are well qualified to act as class representatives.

128.     Plaintiffs, Florence Good and Jesse Frazer, will fairly and adequately protect the interests of the members of each subclass.

129.     Plaintiffs, Florence Good and Jesse Frazer, have no interest that is adverse or antagonistic to the interests of the members of each subclass.

130.     Plaintiffs, Florence Good and Jesse Frazer, are committed to prosecuting the class action.

22

131.    Plaintiffs, Florence Good and Jesse Frazer, have retained competent counsel who are experienced in litigation of this nature.

132.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

133.    Joinder of all class matters is impracticable and the likelihood of individual class members prosecuting separate claims is remote due to the fact that the members of the class do not know that they are entitled to uninsured motorist coverage.

134.    The expense and burden of individual litigation makes it unlikely that a substantial member of the class members will individually seek redress for the wrongs done to them.

135.    It is desirable for all concerned to concentrate the litigation in this particular forum for adjudication.

136.    Plaintiffs, Florence Good and Jesse Frazer, anticipate no difficulty in the management of this action as a class action.

137.    The class action brought by Plaintiffs, Florence Good and Jesse Frazer, is a convenient and proper forum in which to litigate the claim.

138.    The prosecution of separate actions by individual class members would create the risk of bearing inconsistent determinations that could confront Defendants, Travelers Property and Travelers Indemnity, with incompatible standards of conduct and which could prejudice non-parties to any adjudication or substantially impede their ability to protect their own interests because of the overriding common questions of law and fact involved in the matter.

139.    Prosecution of these claims as a class action will result in an orderly and expeditious administration of the claims and will foster economies of time, effort and expense.

140.    Prosecution of these claims as a class action will contribute to uniformity of decisions concerning the practices of Defendants, Travelers Property and Travelers Indemnity.

## COUNT I
## (Declaratory Relief— Invalidity of Household Exclusion)

141.    Plaintiff, Florence Good, hereby incorporates by reference the foregoing Paragraphs 1 through 140 of this Third Amended Complaint as though same were fully set forth herein.

142.    The Personal Auto Policies issued by Defendants, Travelers Property and Travelers Indemnity, provide inter-policy stacking of underinsured motorist benefits by election or by operation of law pursuant to Gallagher v. GEICO, 201 A.3d 121 (Pa. 2019) and Donovan v. State Farm, 256 A.3d 1145 (Pa. 2021).

143.    Defendants, Travelers Property and Travelers Indemnity, have denied and disclaimed coverage for underinsured motorist benefits to the Plaintiff, Florence Good, by reason of the exclusion for the use of a vehicle in the household not insured under the Travelers Property and Travelers Indemnity Auto Policies.

144.    The Defendants, Travelers Property and Travelers Indemnity, have disclaimed coverage on the basis of a household exclusion.

145.    The household exclusion upon which the Defendants, Travelers Property and Travelers Indemnity, rely in denying the claims of the Plaintiff, Florence Good, is void and unenforceable as violative of the MVFRL.

146.    In Gallagher v. GEICO, 201 A.3d 121 (Pa. 2019), the Supreme Court of Pennsylvania declared exclusions which eliminate coverage for injuries arising from household

vehicles which are not insured under a policy from which coverage is sought are void and unenforceable as a hidden waiver of inter-policy stacking under the MVFRL.

147.     The factual predicate of the application of Gallagher is the availability of inter-policy stacking under the policy in question.

148.     The policies of insurance issued by the Defendants, Travelers Property and Travelers Indemnity, under which claim has been made are required to provide inter-policy stacking of underinsured motorist coverage either by election or by operation of law.  See Gallagher v. GEICO, 201 A.3d 121 (Pa. 2019) and Donovan v. State Farm, 256 A.3d 1145 (Pa. 2021).

149.     Plaintiff, Florence Good, is entitled to a declaration that her claims for recovery of underinsured motorist benefits under the Personal Auto Policies issued by Defendants, Travelers Property and Travelers Indemnity, are not barred by the household exclusion.

150.     Defendants, Travelers Property and Travelers Indemnity, have wrongfully refused to provide underinsured motorist coverage to the Plaintiff, Florence Good, by reason of the household exclusion.

151.     Defendants, Travelers Property and Travelers Indemnity, may not deny the claims of the Plaintiff, Florence Good, for underinsured motorist benefits by reason of the household exclusion.

152.     Defendants, Travelers Property and Travelers Indemnity, may not deny the claims of members of the putative class underinsured motorist benefits by reason of the household exclusion contained in the policy at issue.

153.     The denial and disclaimer of underinsured motorist coverage to the Plaintiff, Florence Good, is in direct violation of the specific terms and provisions of the MVFRL.

154.    The refusal of Defendants, Travelers Property and Travelers Indemnity, to provide underinsured motorist coverage the members of the putative class is in violation of the specific terms and provisions of the MVFRL.

155.    Plaintiff, Florence Good, is entitled to a declaration that her claims for recovery of underinsured motorist benefits under the Personal Auto Policies issued by Defendants, Travelers Property and Travelers Indemnity, are not barred by the household exclusion and that she may maintain a claim for such benefits from Defendants, Travelers Property and Travelers Indemnity.

156.    Each member of the subclass is entitled to a declaration that his or her claim for recovery of uninsured and/or underinsured motorist benefits is not barred by the household exclusion and that he and/or she may assert a claim for uninsured and/or underinsured motorist benefits under the pertinent policy of insurance issued by Defendants, Travelers Property and Travelers Indemnity.

157.    The controversy poses an issue for judicial determination under the Declaratory Judgment Act.

158.    The controversy involves substantial rights of the parties to the action.

159.    A judgment of this court in this action will also be useful for the purpose of clarifying and settling the legal relations at issue between the parties.

160.    A judgment of this court will determine, terminate and afford relief from the uncertainty and controversy giving rise to this action.

161.    Plaintiff, Florence Good, and members of the putative subclass are entitled to a declaration that their claims for uninsured and/or underinsured motorist benefits under the Policies of insurance issued by Defendants, Travelers Property and Travelers Indemnity, are not barred by the household exclusion.

WHEREFORE, the Plaintiff, Florence Good, respectfully requests that the Court enter an Order:

(a)  declaring that the claims of the Plaintiff, Florence Good, for recovery of underinsured motorist benefits are not barred by household exclusion in the Personal Auto Policies issued by the Defendants, Travelers Property and Casualty Insurance Company and Travelers Indemnity Company,  in connection with the injuries sustained in the above noted motor vehicle accident;

(b)  declaring that the claims for uninsured and/or underinsured motorist benefits of each member of the subclass are not barred by the household exclusion in the applicable policy issued by the Defendants, Travelers Property and Casualty Insurance Company and Travelers Indemnity Company; and

(c)  such other relief as the court deems appropriate.

## COUNT II
### (Declaratory Relief---Invalidity of Regular Use Exclusion)

162.  Plaintiff, Jesse Frazer, hereby incorporates by reference the foregoing Paragraphs 1 through 161 of this Third Amended Complaint as though same were fully set forth herein.

163.  The Personal Auto Policies issued by Defendants, Travelers Property and Travelers Indemnity, provide inter-policy stacking of underinsured motorist benefits by election or by operation of law pursuant to Gallagher v. GEICO, 201 A.3d 121 (Pa. 2019) and Donovan v. State Farm, 256 A.3d 1145 (Pa. 2021).

164.  Defendants, Travelers Property and Travelers Indemnity, have denied and disclaimed coverage for underinsured motorist benefits to the Plaintiff, Jesse Frazer, by reason of the exclusion for the use of a vehicle available for his regular use not insured under the Travelers Property and Travelers Indemnity Auto Policies.

165.  The Defendants, Travelers Property and Travelers Indemnity, have disclaimed coverage on the basis of a regular use exclusion.

166.    The regular use exclusion upon which the Defendants, Travelers Property and Travelers Indemnity, rely in denying the claims of Plaintiff, Jesse Frazer, is void and unenforceable as violative of the MVFRL.

167.    In <u>Gallagher v. GEICO</u>, 201 A.3d 121 (Pa. 2019), the Supreme Court of Pennsylvania declared exclusions which eliminate coverage for injuries arising from the use of vehicles in the household which are made available for the regular use of the claimant which are not insured under a policy from which coverage is sought are void and unenforceable as a hidden waiver of inter-policy stacking under the MVFRL.

168.    In <u>Rush v. Erie Insurance Exchange</u>, <u>supra</u>., the Superior Court of Pennsylvania declared that exclusions which eliminate coverage for injuries arising from vehicles made available for the regular use of the claimant which are not insured under a policy are void and unenforceable under the MVFRL.

169.    The factual predicate of the application of <u>Gallagher</u> is the availability of inter-policy stacking under the policy in question.

170.    The factual predicate of the application of <u>Rush</u> is the violation of the mandate of coverage found in the MVFRL, a mandate which the regular use exclusion ignores.

171.    Plaintiff, Jesse Frazer, is entitled to a declaration that his claim for recovery of underinsured motorist benefits under the Personal Auto Policies issued by Defendants, Travelers Property and Travelers Indemnity, is not barred by the regular use exclusion.

172.    Defendants, Travelers Property and Travelers Indemnity, have wrongfully refused to provide underinsured motorist coverage to the Plaintiff, Jesse Frazer, by reason of the regular use exclusion.

173.    Defendants, Travelers Property and Travelers Indemnity, may not deny the claim of the Plaintiff, Jesse Frazer, for underinsured motorist benefits by reason of the regular use exclusion.

174.    Defendants, Travelers Property and Travelers Indemnity, may not deny the claims of members of the putative class underinsured motorist benefits by reason of the regular use exclusion contained in the policy at issue.

175.    The denial and disclaimer of underinsured motorist coverage to the Plaintiff, Jesse Frazer, is in direct violation of the specific terms and provisions of the MVFRL.

176.    The refusal of Defendants, Travelers Property and Travelers Indemnity, to provide underinsured motorist coverage the members of the putative class is in violation of the specific terms and provisions of the MVFRL.

177.    Plaintiff, Jesse Frazer, is entitled to a declaration that his claim for recovery of underinsured motorist benefits under the Personal Auto Policies issued by Defendants, Travelers Property and Travelers Indemnity, are not barred by the regular use exclusion and that he may maintain a claim for such benefits from Defendants, Travelers Property and Travelers Indemnity.

178.    Each member of the subclass is entitled to a declaration that his or her claim for recovery of uninsured and/or underinsured motorist benefits is not barred by the regular use exclusion and that he and/or she may assert a claim for uninsured and/or underinsured motorist benefits under the pertinent policy of insurance issued by Defendants, Travelers Property and Travelers Indemnity.

179.    The controversy poses an issue for judicial determination under the Declaratory Judgment Act.

180.    The controversy involves substantial rights of the parties to the action.

29

181.     A judgment of this court in this action will also be useful for the purpose of clarifying and settling the legal relations at issue between the parties.

182.     A judgment of this court will determine, terminate and afford relief from the uncertainty and controversy giving rise to this action.

183.     Plaintiff, Jesse Frazer, and members of the putative subclass are entitled to a declaration that their claims for uninsured and/or underinsured motorist benefits under the Policies of insurance issued by Defendants, Travelers Property and Travelers Indemnity, are not barred by the regular use exclusion.

WHEREFORE, the Plaintiff, Jesse Frazer, respectfully requests that the Court enter an Order:

(a)     declaring that the claims of the Plaintiff, Jesse Frazer, for recovery of underinsured motorist benefits are not barred by regular use exclusion in the Personal Auto Policies issued by the Defendants, Travelers Property and Casualty Insurance Company and Travelers Indemnity Company,  in connection with the injuries sustained in the above noted motor vehicle accident;

(b)     declaring that the claims for uninsured and/or underinsured motorist benefits of each member of the subclass are not barred by the regular use exclusion in the applicable policy issued by the Defendants, Travelers Property and Casualty Insurance Company and Travelers Indemnity Company; and

(c)     such other relief as the court deems appropriate.

## COUNT III
### (Compensatory Relief---Underinsured Motorist Benefits)

184.     Plaintiffs, Florence Good and Jesse Frazer, hereby incorporate by reference the foregoing Paragraphs 1 through 183 of this Third Amended Complaint as though same were fully set forth herein.

185.     The decedent, Barry Good, sustained fatal injuries in a motor vehicle accident.

186.    Plaintiff, Jesse Frazer, sustained serious and permanent injuries as a result of the negligence and carelessness of an underinsured motorist.

187.    Plaintiffs, Florence Good and Jesse Frazer, are eligible to recover underinsured motorist benefits under the Good Travelers Property Policy and the Frazer Travelers Indemnity Policy.

188.    The Good Travelers Proper Policy and the Frazer Travelers Indemnity Policy provide underinsured motorist coverage.

189.    By election or by operation of law, the Personal Auto Policies issued by the Defendants, Travelers Property and Travelers Indemnity, are required to provide stacked inter-policy underinsured motorist benefits.  See Craley v. State Farm, 895 A.2d 5320 (Pa. 2006); Donovan v. State Farm, 256 A.3d 1145 (Pa. 2021).

190.    Plaintiffs, Florence Good and Jesse Frazer, are eligible to recover underinsured motorist benefits under the policies issued by Defendants, Travelers Property and Travelers Indemnity.

191.    Defendants, Travelers Property and Travelers Indemnity, have wrongfully refused to provide underinsured motorist benefits to the Plaintiffs, Florence Good and Jesse Frazer.

192.    The denial and disclaimer of underinsured motorist coverage to the Plaintiffs, Florence Good and Jesse Frazer, under the Personal Auto Policies is a material breach of each policy.

193.    The denial and disclaimer of underinsured motorist benefits to the Plaintiffs, Florence Good and Jesse Frazer, under the Good Travelers Property Policy and the Frazer Travelers Indemnity Policy is in direct violation of the specific terms and provisions of the MVFRL.

194.    The denial and disclaimer of underinsured motorist benefits to each member of the putative subclass is in direct violation of the specific terms and provisions of the MVFRL.

195.    Plaintiffs, Florence Good and Jesse Frazer are entitled to recover underinsured motorist benefits under the Policies issued by Defendants, Travelers Property and Travelers Indemnity.

196.    Each member of the putative class is entitled to recover uninsured and/or underinsured motorist benefits under the Policy in question from Defendants, Travelers Property and Travelers Indemnity.

197.    Defendants, Travelers Property and Travelers Indemnity, have breached the terms, agreements, promises and provisions of the Good Travelers Property Policy and the Frazer Travelers Indemnity Policy by failing to make payment of underinsured motorist benefits to the Plaintiffs, Florence Good and Jesse Frazer.

198.    Defendants, Travelers Property and Travelers Indemnity, have breached the terms, agreements, promises and provisions of each policy of insurance under which each member of the putative class has made claim for recovery of uninsured and/or underinsured motorist benefits by failing to make payment of the uninsured and/or underinsured motorist benefits to each member of the class.

199.    Plaintiffs, Florence Good and Jesse Frazer, are entitled to recover underinsured motorist benefits under the Personal Auto Policies issued by the Defendants, Travelers Property and Travelers Indemnity.

200.    Each member of the class is entitled to recover uninsured and/or underinsured motorist benefits from the Defendants, Travelers Property and Travelers Indemnity, under the applicable policies of insurance in question.

WHEREFORE, the Plaintiffs, Florence Good and Jesse Frazer, respectfully request that the Court enter an Order:

(a)      awarding underinsured motorist benefits to the Plaintiff, Jesse Frazer,  and against the Defendant, Travelers Indemnity Company, in connection with injuries sustained in the August 27, 2018 motor vehicle accident;

(b)      awarding underinsured motorist benefits to the Plaintiff, Florence Good, against the Defendant, Travelers Property and Casualty Insurance Company, in connection with the fatal injuries sustained by the decedent in the April 4, 2012 motor vehicle accident;

(c)      awarding uninsured and/or underinsured motorist benefits to each member of the class against the Defendant, Travelers Property and Casualty Insurance Company and Travelers Indemnity Company in order to compensate them for losses sustained in each accident.

## COUNT IV
## (Injunctive Relief---Assertion of Household and Regular Use Exclusions)

201.    Plaintiffs, Florence Good and Jesse Frazer, hereby incorporate by reference the foregoing Paragraphs 1 through 200 of this Complaint as though same were fully set forth herein.

202.    Defendants, Travelers Property and Travelers Indemnity, denied and disclaimed underinsured motorist benefits to the Plaintiffs, Florence Good and Jesse Frazer, on the bases of: (a) the household exclusion (Good Subclass); and/or (b) the regular use exclusion (Frazer Subclass) for the operation of vehicles not insured under the policies issued by Travelers Property and Travelers Indemnity in the household.

203.    Defendants, Travelers Property and Travelers Indemnity, have denied and disclaimed uninsured and/or underinsured motorist benefits to members of the putative class on the bases of: (a) the household exclusion (Good Subclass); and/or (b) the regular use exclusion (Frazer Subclass) for operation or use of a vehicle not insured under the policy issued by Travelers Property or Travelers Indemnity.

204.     The Defendants, Travelers Property and Travelers Indemnity, have disclaimed coverage on the bases of household and regular use exclusions which are void and unenforceable.

205.     The household and regular use exclusions upon which the Defendants, Travelers Property and Travelers Indemnity, rely in denying the claims of Plaintiffs, Florence Good and Jesse Frazer, and members of each subclass, do not provide a valid basis for the denial and disclaimer of otherwise valid claims.

206.     The Supreme Court of Pennsylvania has held that household exclusions in automobile policies in Pennsylvania which deny coverage to persons who sustain injury while using a household vehicle which is not insured under the policy from which benefits are sought are void and unenforceable as violative of the MVFRL.  See Gallagher v. GEICO, 201 A.3d 121 (Pa. 2019); Donovan v. State Farm, 256 A.3d 1145 (Pa. 2021).

207.     The Superior Court of Pennsylvania has held that regular use exclusions in automobile policies in Pennsylvania which deny coverage to persons who sustain injury while using a vehicle made available for his/her regular use which is not insured under the policy from which benefits are sought are void and unenforceable as violative of the MVFRL.  See Rush v. Erie Insurance Exchange, 2021 Pa. Super. 215, 2021 WL 4929434 (Pa. Super. 2021).

208.     The denial and disclaimer of underinsured motorist benefits to the Plaintiffs, Florence Good and Jesse Frazer, is wrongful and violative of the MVFRL.

209.     The denial and disclaimer of uninsured and/or underinsured motorist benefits to members of the putative subclasses is wrongful and violative of the MVFRL.

210.     The continued denial and disclaimer of uninsured and/or underinsured motorist benefits to otherwise eligible insureds on the bases of household and regular use exclusions directly

contravenes the <u>Gallagher</u> and <u>Donovan</u> decisions, resulting in irreparable harm to the Plaintiff and the members of the class for the purpose of injunctive relief.

211.    Plaintiffs, Florence Good and Jesse Frazer, and members of the putative subclasses have suffered damages or are at immediate risk of suffering damages as a result of the continued assertion of household and regular use exclusions in policies of insurance by the Defendants, Travelers Property and Travelers Indemnity.

212.    Defendants, Travelers Property and Travelers Indemnity, must therefore be enjoined from continuing to assert household and regular use exclusions in its policies as a defense to uninsured and underinsured motorist claims as asserted by otherwise eligible claimants and insureds.

WHEREFORE,  the Plaintiffs, Florence Good and Jesse Frazer, respectfully request that the Court enter an Order:

(a)     enjoining the Defendants, Travelers Property and Casualty Insurance Company and Travelers Indemnity Company, from further asserting household and regular use exclusions as a defense to the underinsured motorist claims under the policies of insurance issued by the Defendants, Travelers Property & Casualty Insurance Company and Travelers Indemnity Company;

(b)     enjoining the Defendants, Travelers Property & Casualty Insurance Company and Travelers Indemnity Company, from further asserting household and regular use exclusions in the applicable policies as a defense to uninsured and underinsured motorist claims with respect to members of the putative subclasses; and

(c)   such other relief as the Court deems appropriate.

Respectfully Submitted By:


HAGGERTY, GOLDBERG,
SCHLEIFER & KUPERSMITH, P.C.

BY:   _/s/ James C. Haggerty_____
JAMES C. HAGGERTY, Esquire
PA Attorney I.D. # 30003
1801 Market Street, Suite 1100
Philadelphia, PA  19103
(267) 350-6600
FAX (215) 665-8197


SCHMIDT KRAMER P.C.

BY:  /s/ Scott Cooper _____
SCOTT B. COOPER, Esq.
PA Attorney I.D. # 70242
209 State Street
Harrisburg, PA 17101
(717) 232-6300



SHUB LAW FIRM

BY:   _/s/ Jonathan Shub_____
JONATHAN SHUB, Esquire
KEVIN LAUKAITIS, Esquire
PA Attorney I.D. # 53965
134 Kings Highway East, 2nd Floor
Haddonfield, NJ  08033
(856) 772-7200


36