**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

FLORENCE GOOD AS EXECUTOR TO THE :
ESTATE OF BARRY D. GOOD,
DECEASED, AND JESSE FRAZER,                        CASE NO. 20-CV-5453

INDIVIDUALLY AND ON BEHALF OF A
CLASS OF SIMILARLY SITUATED
PERSONS,

                        Plaintiffs,

     vs.

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA AND
TRAVELERS INDEMNITY COMPANY,

                        Defendants.

_____

## FINAL JUDGMENT AND ORDER OF DISMISSAL

**AND NOW,** this 20th day of August, 2025, upon consideration of Plaintiffs' Motion for Final Approval of the Class Action Settlement and for Approval of Attorney's Fees and Expenses, as well as all supporting materials and after dissemination of Notice to Class Members and a hearing held on August 20, 2025, it is hereby Ordered, Adjudged and Decreed and Final Judgment is entered as follows:

       1.    The Court has jurisdiction over the subject matter of and parties to this litigation.

       2.    On September 23, 2024, this Court entered an order granting preliminary approval of the Settlement Agreement and directing notice to the class members by mail and email.

       3.    Terms used in this Order, unless otherwise defined herein, have the same meanings in this Order as in the Settlement Agreement.

4.    the following factors: (A) the complexity, expense and likely duration of the litigation; (B) the reaction of the class to the settlement; (C) stage of the proceedings and the amount of discovery completed;(D) risks of establishing liability; (E) risks of establishing damages; (F) risk of maintaining the class action through the trial; (G) ability of the defendants to withstand a greater judgment; (H) the range of reasonableness of the settlement fund in light of the best possible recovery; and (I) the range of reasonableness of the settlement fund in light of all the attendant risks of litigation.

5.    The Court has also reviewed the Settlement's terms in light of the factors set forth in Federal Rule of Civil Procedure 23(e)(2), namely whether: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;(iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); (D) the treatment of class members equitably relative to each other.

6.    In careful consideration of the above factors, the Court finds that the terms and conditions set forth in the Settlement Agreement, including all exhibits thereto, are fair, reasonable, and adequate under Rule 23(e) of the Federal Rules of Civil Procedure. Accordingly, the Court approves the Settlement Agreement and directs the Parties to perform in accordance with its terms and conditions.

7.      The Court finds that the distribution of the Notices to Class Members as set forth in the Declaration of the Claims Administrator was in compliance with the Court's Preliminary Approval Order approving the proposed class notices and notice plan, and that notice has been given in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances; and satisfies Federal Rule of Civil Procedure 23 and due process.

8.      Consistent with the Agreement, the Court certifies for purposes of settlement the following Settlement Classes:

Class One - All persons: (a) who sustained injury in a motor vehicle accident while occupying or operating a household vehicle owned by the named insured or a resident relative; (b) who were the named insured or the insured under a Pennsylvania insurance policy issued by Travelers providing uninsured and/or underinsured motorist coverage in accordance with the MVFRL; (c) who made a claim under a policy issued by Travelers for recovery of uninsured and/or underinsured motorist benefits; and (d) whose claim for recovery of uninsured and/or underinsured motorist benefits was denied by Travelers by reason of a household or regular use exclusion in the policy issued by Travelers.

Class Two - All persons: (a) who sustained injury in a motor vehicle accident while operating a non-household vehicle owned by a person or entity other than the named insured or a resident relative and made available for his/her regular use; (b) who were the named insured or the insured under a Pennsylvania insurance policy issued by Travelers providing uninsured and/or underinsured motorist coverage in a accordance with the MVFRL; (c) who made a claim under a policy issued by Travelers for recovery of uninsured and/or underinsured motorist benefits; and (d) whose claim for recovery of uninsured and/or underinsured motorist benefits was denied by Travelers by reason of a household or regular use exclusion in the policy issued by Travelers.

Excluded from both classes will be any individuals whose claims are within the parameters of *Erie Ins. Exch. v. Mione*, 289 A.3d 524 (Pa. 2023), where the Court held that household vehicle exclusions precluding UIM coverage for damages an insured sustained while occupying a vehicle owned by the insured, but not insured for UIM coverage under that policy, were enforceable where the household vehicle being operated by the claimant did not have uninsured and/or underinsured motorists coverage.

9.     For purposes of Settlement, the threshold requirements and Rule 23 requirements for class certification are met. Plaintiffs possess Article III standing and the proposed Settlement Class is adequately defined and clearly ascertainable. The Settlement Class is adequately defined because the class definition is clear and precise, is based on objective criteria, and, because it only includes insureds who also suffered redressable harm, is not overbroad.

10.     For purposes of settlement, the Class is sufficiently numerous, there are questions of law and fact common to the Settlement Class, Plaintiffs' claims is typical of the Settlement Class, and both Plaintiffs and Class Counsel are adequate representatives of the Settlement Class.

11.     For purposes of settlement, questions common to the class predominate over any individual questions, and class treatment is superior to alternative forms of adjudication.

12.     Defendants have provided notice of the settlement to the appropriate government officials pursuant to the Class Action Fairness Act of 2005.

13.     The Court grants a service award of $5,000 to each of the Named Plaintiffs.

14.     The Court grants attorney's fees and expenses to Class Counsel in the amount of $1,000,000.

15.     This Order is the Final Judgment as defined in the Settlement Agreement.

16.     The provisions of this Final Judgment are applicable to and binding upon Defendants and upon all members of the Class, their heirs, administrators, executors, agents,

representatives, and assigns, and dismiss in their entirety and with prejudice the claims of Plaintiffs and all members of the Class against Defendants, as more fully set out in the Settlement Agreement, without costs to any party against any other party except as otherwise provided herein.

17.    The Final Judgment is intended by the parties and the Court to be res judicata and to prohibit and preclude any prior, concurrent or subsequent litigation, arbitration, or other proceeding brought individually, or in the name of, and/or otherwise on behalf of the Plaintiffs or members of the Class with respect to any and all claims or issues which were or could have been raised in the Action as of the Effective Date, as set forth in the Settlement Agreement.

18.    As of the Effective Date, by operation of the entry of the Final Judgment, each Settlement Class Member shall be deemed to have fully released, waived, relinquished and discharged, to the fullest extent permitted by law, all Released Claims that the Releasing Parties may have against all the Released Persons.

19.    "Released Claims" means and includes any and all manner of actions, causes of action, suits, accounts, claims, demands, controversies, judgments, obligations, damages and liabilities of any nature whatsoever, whether *ex contractu* or *ex delicto,* debts, liens, agreements, interests, costs, expenses, attorneys' fees, losses or damages (whether actual, consequential or treble) statutory, common law or equitable, including but not limited to breach of contract, bad faith or extra-contractual claims, and claims for punitive or exemplary damages, or prejudgment or post judgment interest, whether or not now known, suspected or claimed, from the beginning of time to the date of this Release (a) that were asserted, or could have been asserted, by or on behalf of Plaintiffs, as Releasing Parties, against Travelers, or any other

5

Released Person, in connection with, relating to or arising out of the Action, or (b) that were asserted, or could have been asserted, by or on behalf of any Class Member, as Releasing Parties, against any Released Person, in connection with, relating to or arising out of the denial by any of the Released Persons of the Class Members' uninsured or underinsured motorist claims seeking benefits under Pennsylvania motor vehicle insurance policies by reason of the household or regular use exclusion during the relevant time period, including but not limited to claims in connection with, relating to or arising out the conduct alleged in the Action.

   20. "Released Persons" means Travelers, individually or collectively, and its parents, subsidiaries, affiliates, predecessors, successors, and assigns, as well as their respective current and former officers, directors, members, stakeholders, owners, employees, agents, attorneys and insurers.

   21. "Releasing Parties" means Plaintiffs Florence Good and Jesse Frazer, all Settlement Class Members, Class Counsel, and any Person claiming by or through him/her/it/them, including any Person claiming to be his/her/its/their spouse, parent, child, heir, guardian, associate, co-owner, attorney, agent, administrator, devisee, predecessor, successor, assignee, representative of any kind, shareholder, partner, director, employee or affiliate, including but not limited to Florence Good and Jesse Fraser.

   22. Plaintiffs and all members of the Class, except for the 6 Class Members who have opted out of the Settlement, individually and on behalf of their heirs, administrators, executors, agents, representatives, and assigns, are deemed to have covenanted not to sue, institute, or instigate any legal, equitable or administrative proceedings against any of the Released Persons for any of the Released Claims, as more fully set forth in the Settlement Agreement.

23.     The Agreement, the Settlement and this Final Judgment are not to be deemed admissions of liability or fault by Defendants, or a finding of the validity of any claims in the Action or of any wrongdoing or violation of law by Defendants. The Agreement and Settlement are not a concession by the Parties and, to the extent permitted by law, neither this Final Judgment nor the Settlement, nor any of its terms of provisions nor any of the negotiations or proceedings connected with it, shall be utilized or offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding, for any purpose including to establish any liability or admission by any of the Released Persons, except in any proceedings brought to enforce the Agreement or the Final Judgment otherwise with the written consent of Defendants at their sole discretion. Nor may this Agreement be construed in any fashion as precedent for any matter similar to the instant one, or used as evidence of any kind, by any person or entity, in any action or proceeding against the Released Persons, as this Agreement has been entered into based on the particular facts of this matter alone. However, Defendants may use the Agreement or the exhibits thereto, and the Settlement, and/or any related document, in any action that may be brought against it in order to support a defense or counterclaim based on principles of *resjudicata,* collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion relating to the Released Claims set out in the Agreement.

24.     Only to the extent that it is otherwise not violative of any applicable rules governing the practice of law, Class Counsel agree that any representation, encouragement, solicitation or other assistance, including, but not limited to, referral to other counsel, of any opt out or any other person seeking to litigate with any of the Released Persons over any of the Released Claims or to represent any form of opt-out class, could place Class Counsel in an

untenable conflict of interest with the Class. Accordingly, the Court orders Class Counsel and their respective firms (only to the extent that it is otherwise not violative of any applicable rules governing the practice of law) shall not represent, encourage, solicit or otherwise assist, in any way whatsoever (including, but not limited to referrals to other counsel) any opt out or any form of opt-out class, except that referring such person to the Notice or suggesting to any such person the option of obtaining separate counsel, without specifically identifying options for such counsel, shall be permitted under the terms of this provision.

25.     All Releasing Parties are hereby barred and enjoined from asserting any Released Claims against Defendants or their affiliates at any time. Defendants and the Released Parties are released from the Released Claims. This Court reserves continuing and exclusive jurisdiction over the Parties to this Agreement, including Defendants and Settlement Class Members, to administer, supervise, construe, and enforce this Agreement in accordance with its terms.

26.     This case is **DISMISSED WITH PREJUDICE.**

27.     The Clerk of the Court is **ORDERED** to enter this Final Judgment forthwith.

28.     In the event that this Final Judgment is not otherwise final and appealable, the Court finds and directs that there is no just reason for delaying enforcement or appeal and judgment should be entered.

29.     Without in any way affecting the finality of this Final Judgment, this Court shall retain continuing jurisdiction over this Action for purposes of:

(A)     Enforcing this Final Judgment, the Agreement and the Settlement;

(B)     Hearing and determining any application by any Party to the Settlement for a settlement bar order; and

8

(C)     Any other matters related or ancillary to any of the foregoing.


BY THE COURT:


*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge